IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

NORMA SUE LATTERI,                  )
                                    )
            Plaintiff,              )
                                    )
      v.                            )    1:05CV00507
                                    )
TRACY H. LATTERI and METROPOLITAN   )
LIFE INSURANCE COMPANY,             )
                                    )
            Defendants.             )

**O R D E R**

On December 22, 2005, this case came before the Court for a hearing on a joint motion to temporarily stay the proceedings and a motion by defendant MetLife to amend its notice of removal. For the reasons set out below, the motions will be denied.

This case was originally filed in state court and removed by defendants. Plaintiff then sought to have it remanded. On September 21, 2005, the undersigned issued a Recommendation which found that the Court did not have jurisdiction over the case because the case did not arise under federal law. It was recommended that the matter be remanded to state court. Following the Recommendation, defendant MetLife filed objections. No final order has yet been entered based on the Recommendation.

MetLife also recently received information pertaining to whether or not plaintiff is a properly designated beneficiary of the proceeds from a life insurance policy that is in dispute in this case. It has now submitted that new information to the Veterans Administration and the Office of the Inspector General to

allow those offices to conduct an investigation into the matter. The joint motion to stay asks that the case be stayed for 90 days so that the investigation can be completed.

The stay will not be granted for three reasons. First, the parties have not shown that the investigation could affect the conclusion in the Recommendation that jurisdiction was not present at the time of removal. Second, they have given no reason why it would be better to have the case stayed in federal court, as opposed to state court, while the investigation is ongoing. Finally, the parties have informed the Court that there is a substantial chance that the case will continue in some fashion no matter what the outcome of the investigation. If the investigation concludes that plaintiff is not a proper beneficiary, the case will likely proceed as is. If the investigation concludes that plaintiff is a proper beneficiary, the case may then be resolved between plaintiff and MetLife, but could well proceed between MetLife and defendant Tracy Latteri. If the case will be going forward in any event, the final decision on the Recommendation and MetLife's objections to it will still have to be made. There is no reason to stay the case because it would not resolve jurisdictional questions or promote party convenience or judicial economy. Therefore, the motion to stay will be denied.

The other motion before the Court is MetLife's motion to amend its notice of removal to "substitute the statute invoking this Court's subject matter jurisdiction found in Paragraph 5 of MetLife's Notice '5 U.S.C. § 8715' to read '28 U.S.C. § 1331.'"

(Mot. to Amend p. 1) It appears that MetLife now wants to allege jurisdiction not under the FEGLI[1] statute of 5 U.S.C. § 8715, but under the broader federal jurisdiction provisions of 28 U.S.C. § 1331. This proposed amendment purports to be technical in nature and is perhaps a response to a portion of the Recommendation which noted that original notice was slightly unclear as to the exact grounds for removal. If so, there is no need for the amendment because the Court considered several possible bases for jurisdiction (including 28 U.S.C. § 1331), found that the same standard applied to all of them, and determined that the standard was not met. Latteri v. Latteri, No. 1:05CV00507, pp. 4, 7 (M.D.N.C. Sept. 21, 2005)(recommendation). The proposed amendment may also relate in some way to the ongoing investigation described above. If so, the amendment is still not needed because any conclusion of the investigation would be introduced only as a defense. Defenses, even if based on federal law, do not create a federal question so as to confer subject matter jurisdiction. Franchise Tax Bd. of State of California v. Construction Laborers Vacation Trust for Southern California, 463 U.S. 1, 12, 103 S.Ct. 2841, 2847-48, 77 L.Ed.2d 420, 433 (1983). For these reasons, the motion to amend will also be denied.

---

[1] Federal Employees Group Life Insurance

**IT IS THEREFORE ORDERED** that the parties joint motion to stay the proceedings (docket no. 24) and defendant MetLife's motion to amend its notice of removal (docket no. 19) be, and the same hereby are, denied for the reasons set out above.

_____
**United States Magistrate Judge**

December 28, 2005